IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JAMES THEODORE ROSS  *  <br>            Petitioner, | |
| v.                                                * | CIVIL ACTION NO. RWT-06-2722 |
| WARDEN                                         * <br>            Respondent. | |
|                                                        *** | |

**MEMORANDUM OPINION**

On October 16, 2006, the Court received for filing a letter from James Theodore Ross ("Ross"), who is currently confined at the Maryland Correctional Training Center in Hagerstown, Maryland. The letter, addressed to Howard County Circuit Court Judge Diane O. Leasure, seemingly takes issue with the legal process related to Ross's trial and convictions. He challenges his incarceration in the Maryland Division of Correction and seeks release from confinement.

Ross's letter represents a direct attack on his Howard County, Maryland convictions and shall be construed as a 28 U.S.C. § 2254 habeas corpus application. That being said, Ross must exhaust each claim presented to the federal court by first pursuing remedies available in the state court. See Leonard v. Hammond, 806 F.2d 838, 840 (4th Cir. 1986). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U. S. 838, 845 (1999); 28 U.S.C. § 2254(b) and (c). In Maryland, this may be accomplished by raising certain claims on direct appeal and by raising other claims by way of post-conviction proceedings. See Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); Spencer v. Murray, 18 F.3d 237, 239 (4th Cir. 1994). The exhaustion requirement demands that the petitioner "do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will

not turn the trick." Mallory v. Smith, 27 F.3d 991, 994-95 (4th Cir. 2001), cf. Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988).

This exhaustion requirement is not a jurisdictional prerequisite to federal habeas corpus relief, but rather a matter of comity. See Granberry v. Greer, 481 U.S. 129, 134-35 (1987). The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. See Preiser v. Rodriguez, 411 U.S. 475 (1973). The United States Supreme Court has interpreted § 2254(c) to require a state prisoner to present his claims to the state's highest court, even if review is discretionary, when such review is part of the ordinary appellate review procedure. See O'Sullivan v. Boerckel, 526 U.S. at 845. This generally requires appealing state court decisions all the way to the state supreme court. Id. at 847.

According to Ross's own attachment, his convictions remain pending on direct appeal before the Court of Special Appeals. (Paper No. 1 at Attachment). Because the § 2254 claims raised in this Petition have not been fairly and fully presented to the state courts, they are not subject to substantive review in federal court at this time.

For the aforementioned reasons, the Court shall dismiss this § 2254 Petition without prejudice for the failure to exhaust remedies.[1]  A separate Order follows.


Date:   10/27/06                                   /s/
                                         ROGER W. TITUS
                                         UNITED STATES DISTRICT JUDGE

---

[1] Should Ross wish to re-file his claims after exhaustion of his remedies, it is suggested that he present an attack on his state court convictions by filing a timely § 2254 petition. The forms for filing these petitions are available from the Clerk.